FILED
UNITED STATES DISTRICT COURT
DENVER, COLORADO
8/31/2026
JEFFREY P. COLWELL, CLERK

**IN THE UNITED STATES DISTRICT COURT**

**FOR THE DISTRICT OF COLORADO**

STEVEN MICHAEL DOMINGUEZ, Pro Se
Plaintiff,
v.
APPLE AMERICAN GROUP LLC,
a Colorado limited liability company;
APPLE AMERICAN GROUP II, LLC, a
Colorado limited liability company;
MIKE MARTINEZ, individually;
HANNAH SMITH, individually;
VALERIE SMITH, individually;
JACQUELINE K. S. LEE, individually,
Defendant,

Civil Action No. ____________

COMPLAINT FOR DAMAGES
AND DEMAND FOR JURY TRIAL

## I. INTRODUCTION

**1.01** This action arises from a coordinated, multi-tiered enterprise pattern of fraud, fabrication of evidence, retaliatory data exploitation, and bad-faith litigation tactics orchestrated by Apple American Group LLC, Apple American Group II, LLC, corporate managers, and enterprise counsel to suppress Plaintiff Steven Michael Dominguez's lawful rights and protected whistleblower disclosures.

**1.02** What began as routine employment disputes systematically escalated into an unlawful enterprise under the Colorado Organized Crime Control Act (COCCA) and federal law, characterized by forged evidentiary documents, bad-faith settlement

obstruction, and "most critically" targeted internal data surveillance executed during active litigation milestones.

## II. JURISDICTION AND VENUE

**2.01** This Court has federal question jurisdiction pursuant to 28 U.S.C. § 1331 over claims arising under federal laws, including National Labor Relations Board (NLRB) retaliation vectors and related federal statutes. 2.02 This Court has supplemental jurisdiction pursuant to 28 U.S.C. § 1367 over all state law claims, including violations of the Colorado Organized Crime Control Act (COCCA), state administrative obstruction, fraud, and civil conspiracy, as these claims form part of the same case or controversy under Article III of the United States Constitution.

**2.03** Venue is proper in this District pursuant to 28 U.S.C. § 1391 because a substantial part of the events, omissions, and injuries giving rise to this action occurred within Pueblo, Colorado, and the District of Colorado.

## III. PARTIES

**3.01** Plaintiff Steven Michael Dominguez is an individual residing in Pueblo, Colorado.

**3.02** Defendant Apple American Group LLC is a primary operating corporate entity of the Flynn Group franchise network.

**3.03** Defendant Apple American Group II, LLC is a co-operating corporate entity sharing enterprise operations with Apple American Group LLC.

**3.04** Defendant Mike Martinez is a corporate manager and agent involved in supervisory actions and administrative maneuvers.

**3.05** Defendant Hannah Smith is a corporate agent involved in document handling and evidentiary admissions.

**3.06** Defendant Valerie Smith is a corporate management and legal/talent relations agent who participated in settlement obstruction and bad-faith communications.

**3.07** Defendant Jacqueline K. S. Lee (Jaci Lee) is enterprise/opposing counsel whose professional misconduct and bad-faith litigation tactics resulted in State Bar of California disciplinary proceedings (Case Number 26-O-16682).

## IV. FACTUAL ALLEGATIONS

### A. The Global Settlement Breakdown and Initial Filings (Late March 2026)

**4.01** On or about March 25, 2026, Plaintiff transmitted a comprehensive global settlement agreement to resolve outstanding compensation and employment disputes with the corporate enterprise.

**4.02** The strict deadline for compliance with said settlement agreement passed unfulfilled on March 27, 2026.

**4.03** In direct response to the enterprise's failure to comply and ongoing bad-faith practices, Plaintiff formally initiated protected federal action by filing a complaint with the National Labor Relations Board (NLRB) on March 27, 2026.

**B. The Forged Evidentiary Document and Violation of C.R.S. § 18-5-113**

**4.04** As part of the enterprise's coordinated effort to suppress Plaintiff's rights and obstruct his administrative remedies, agents of the enterprise, specifically Defendant Hannah Smith, created and utilized a forged document in an official proceeding.

**4.05** This act of creating a false document with the intent to induce a state agency (the CDLE) to act upon it to the Plaintiff's detriment constitutes a violation of C.R.S. § 18-5-113 (criminal impersonation) and related fraud statutes^2.

**4.06** Under C.R.S. § 18-17-103(5)(b)(IV), a violation of C.R.S. § 18-5-113 is specifically defined as "racketeering activity" under the Colorado Organized Crime Control Act^2.

**4.07** Therefore, the forgery and admission detailed in Exhibit A (specifically A-1 through A-4) are not merely unethical conduct; they are predicate acts of racketeering committed by the enterprise and its agents to further its illegal objectives

**C. Escalation and the Targeted April Data Compromise (Early April 2026)**

**4.08** Following the breakdown of settlement talks, Plaintiff escalated accountability by filing a formal attorney disciplinary complaint against enterprise counsel Jacqueline K. S. Lee with the State Bar of California. On April 9, 2026, the Office of Chief Trial Counsel formally acknowledged receipt and assigned Case Number "26-O-16682" to the matter.

**4.09** Simultaneously, while the enterprise faced cascading legal exposure, a targeted internal data intrusion occurred. Records later confirmed by corporate notice establish that between April 8 and April 9, 2026 during the exact 48-hour window surrounding Plaintiff's State Bar filing, internal servers were accessed to pull sensitive files exclusively concerning Plaintiff.

**4.10** This custom-tailored "data breach" notice, directed solely at Plaintiff without broad enterprise-wide disclosure, compromised highly sensitive personal data including Social Security numbers, driver's license numbers, financial account details, and medical records. This targeted extraction served as an internal audit and surveillance mechanism designed to monitor, intercept, and retaliate against Plaintiff's active litigation portfolio.

## V. CLAIMS FOR RELIEF

### FIRST CLAIM FOR VIOLATION OF THE COLORADO ORGANIZED CRIME CONTROL ACT (COCCA)

(Against Corporate Defendants Apple American Group LLC and Apple American Group II, LLC)

**5.01** Plaintiff realleges and incorporates all preceding paragraphs as though fully set forth herein.

**5.02** At all relevant times, the corporate entities, through their managing agents and counsel, constituted an "enterprise" as defined by C.R.S. § 18-17-103(4).

**5.03** The enterprise engaged in a "pattern of racketeering activity" as defined by C.R.S. § 18-17-103(5), which requires the commission of at least two predicate acts of racketeering activity.

**5.04** The first predicate act was the commission of criminal impersonation and fraud in violation of C.R.S. § 18-5-113, when enterprise agents forged a document for use in an official CDLE proceeding, as detailed in Paragraph 4.B and evidenced by Exhibit A.

**5.05** The second predicate act was the commission of retaliation and obstruction of justice, when the enterprise, through its agents and counsel, engaged in a targeted data intrusion and bad-faith settlement obstruction in direct response to Plaintiff's protected activities, as detailed in Paragraphs 4.C and 4.D.

**5.06** These predicate acts are related as they were committed pursuant to the same common enterprise plan: to suppress Plaintiff's lawful rights, silence his protected disclosures, and avoid liability for the enterprise's unlawful conduct.

**5.07** As a direct result of the enterprise's pattern of racketeering activity, Plaintiff has suffered significant economic damages, emotional distress, and the violation of his statutory rights.

**SECOND CLAIM FOR UNLAWFUL RETALIATION AND WHISTLEBLOWER SUPPRESSION**

(Against All Corporate Defendants and Managing Agents)

**5.08** Plaintiff realleges and incorporates all preceding paragraphs.

**5.09** Plaintiff engaged in protected activity by filing complaints with the NLRB on March 27, 2026, and pursuing lawful administrative remedies.

**5.10** In direct retaliation for these protected disclosures, Defendants engaged in retaliatory actions, including portal lockouts, settlement obstruction, and the targeted internal data intrusion during the April 8–9, 2026 window.

**THIRD CLAIM FOR PROFESSIONAL MISCONDUCT AND BAD-FAITH LITIGATION**

**(Against Defendant Jacqueline K. S. Lee)**

**5.11** Plaintiff realleges and incorporates all preceding paragraphs.

**5.12** Defendant Lee engaged in bad-faith litigation conduct, subversion of legal standards, and professional misconduct that directly prompted the filing and processing of State Bar Case Number 26-O-16682.

## VI. PRAYER FOR RELIEF

WHEREFORE, Plaintiff Steven Michael Dominguez respectfully prays for judgment against Defendants, jointly and severally, as follows:

(a) For Compensatory and Economic Damages: Awarding past and future economic losses, including back pay, front pay, lost benefits, and out-of-pocket expenses resulting from unlawful retaliation and termination, in an amount to be proven at trial;

(b) For Non-Economic and Emotional Distress Damages: Awarding compensatory damages for severe emotional distress, humiliation, anxiety, loss of enjoyment of life, and reputational harm caused by Defendants' willful and malicious conduct;

(c) For Treble Damages and Statutory Penalties: Awarding three times the actual damages sustained, along with mandatory statutory penalties and administrative fees, pursuant to the Colorado Organized Crime Control Act (COCCA), C.R.S. § 18-17-106, and applicable state laws;

(d) For Punitive and Exemplary Damages: Awarding punitive and exemplary damages against all Defendants in an amount sufficient to deter such

malicious, fraudulent, and bad-faith conduct in the future, as permitted by law;

(e) For Pre- and Post-Judgment Interest: Awarding pre-judgment and post-judgment interest at the maximum legal rate on all monetary awards from the earliest date accruable;

(f) For Injunctive and Equitable Relief: Granting permanent injunctive relief enjoining Defendants, their agents, employees, and counsel from further unlawful data surveillance, retaliatory information exploitation, and bad-faith suppression of whistleblower communications;

(g) For Attorney Fees and Costs: Awarding all costs of suit, expert witness fees, and reasonable attorney fees (or appropriate pro se litigation costs and expenses) as authorized by statute; and

(h) For General and Additional Relief: Granting such other and further legal and equitable relief as this Court deems just, proper, and necessary to remedy the harms alleged.

Dated this 31st day of August, 2026

/s/ Steven Dominguez,

Plaintiff, Pro Se

1643 Moore Ave #11

Pueblo, Co, 81005

(719) 999-9488